IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP YORK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  13 C 2451 |
| ) | |
| CAPITAL MANAGEMENT SERVICES, ) | |
| L.P., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Philip York ("York"), who has filed a number of lawsuits in this District Court asserting similar claims, has just tendered a new Complaint against Capital Management Services, L.P. ("Capital Management"), charging it with asserted violations of the Fair Credit Reporting Act and the Fair Debt Collections Practices Act. That pro se submission has been accompanied by an In Forma Pauperis Application ("Application") prepared on a Clerk's-Office-supplied form.  This memorandum order is issued sua sponte because of the problematic nature of those submissions.

Among the complaints that York has previously filed charging various defendants with similar asserted violations, one of them (Case No. 12 C 8824, which he brought against the same Capital Management defendant sued in this new lawsuit[1]) was assigned at random to this Court's calendar.  This Court both (1) granted

---

[1]  To be more precise, the earlier complaint had listed defendant's name as Capital Management Services Inc. rather than L.P.

York's motion for in forma pauperis status, despite one puzzling aspect of his financial report, and (2) issued its customary initial scheduling order. Capital Management then sought and was granted an extension of time to file a responsive pleading, only to find that York--without waiting for that response--had tendered a sprawling new proposed Amended Complaint. This Court promptly issued a February 12, 2013 memorandum order that struck the proposed Amended Complaint sua sponte and ordered Capital Management to direct its responsive pleading to York's original Complaint.

Capital Management did so by filing a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss that original Complaint. On February 21 this Court considered and granted that motion, and its minute order memorializing the dismissal went on to state:

> Because pro se plaintiff Philip York was unable to advance any basis on which he could provide an amended complaint that would state a viable claim, this action is dismissed as well. If York were to submit a timely Rule 59(e) motion accompanied by a proposed amended complaint that states a potentially viable claim, this Court would be prepared to consider such a motion.

Despite the fact that York thus had 28 days within which he could have tendered a proposed Amended Complaint under Rule 59(e), he did nothing during that time frame. Instead he has belatedly come up with the current Complaint that advances the same allegations against the same defendant as his earlier lawsuit--and because that effort is barred by claim preclusion,

2

this action is dismissed and the Application is denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 4, 2013